THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN THOMAS COPLEY, | ) | Case No. 97-30131 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| JOHN THOMAS COPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 99-158 |
| | ) | |
| WANDA COPLEY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

John Thomas Copley (the "Debtor"), pro se, seeks to void judgments and recover damages from his ex-spouse, Wanda Copley, for her alleged violations of the automatic stay in obtaining two separate family court orders. Ms. Copley, also pro se, denies engaging in any activity that would violate the automatic stay.

The court held a trial on the Debtor's adversary complaint on July 17, 2008, in Charleston, West Virginia. Considering that both parties to this adversary proceeding are pro se, the court took the issue of whether Ms. Copley violated the automatic stay under advisement so that the court could set forth its ruling in writing, and in a manner that could be better understood by the parties.[1] For

---

[1] Following the July 17, 2008 trial in this case, the court afforded the parties the opportunity to submit post-trial briefing. Neither party submitted post-trial briefing by the deadlines established by the court. In addition, before the trial in this case, the court, at the Debtor's request, allowed for the submission of summary judgment motions. The Debtor did not avail himself of that opportunity either. No extensions of the briefing schedule were requested and the case is ripe for decision.

the reasons stated herein, the court will deny the relief sought by the Debtor in his adversary complaint.

## I. BACKGROUND

While married, the Debtor and Ms. Copley jointly owed a residence in Wayne County, West Virginia. In May 1996, Ms. Copley left the home and filed for divorce. Shortly thereafter, the house caught fire, and was determined to be a total loss. The Debtor and his attorney then engaged in informal litigation with the Debtor's home insurance company over the amount of proceeds payable under the policy. Litigation was necessary because the insurance company refused to pay over the limits of the policy, and the Debtor refused to accept a lower settlement amount.

While the Debtor and his attorney were litigating with the insurance company, a series of events were transpiring in the Debtor's divorce proceeding. On October 23, 1996, the Circuit Court issued its child custody decree, and, among other orders, the Circuit Court directed the Debtor and Ms. Copley to complete a proof of loss statement regarding the fire damage to their former Wayne County residence. The Circuit Court estimated the proceeds from the policy to be $116,300 before payment of the existing secured lien. Apparently, the Debtor's insurance company periodically sent settlement checks to his attorney in the hopes that the Debtor and Ms. Copley would cash one of them. According to the Debtor's attorney, however, he advised the Debtor not to accept less than the full value of the policy, which the Debtor contended was about $329,000.

On November 1, 1996, the Circuit Court entered an order that directed the Debtor to sign the insurance company's settlement check. When the Debtor refused to accept the offered settlement, the Circuit Court issued a January 1997 order to show cause as to why the Debtor should not be fined and imprisoned for his contempt. A hearing on the show cause order was scheduled for February 27, 1997.

One day before that hearing, on February 26, 1997, the Debtor filed his Chapter 13 bankruptcy petition. The Debtor brought a copy of his petition with him to his February 27, 1997 contempt hearing, and he gave a copy of the bankruptcy petition to both the presiding judge and to Ms. Copley's divorce attorney. Notwithstanding the filing of his bankruptcy petition, the Circuit Court included the following language in its Order following the February 27, 1997 hearing:

> 4.     The Court finds that the defendant, as indicated in open Court, has made a voluntarily and intelligent indication to the Court that he will proceed to the law

-2-

offices of James St. Clair after 3:00 on the 27th day of February, 1997, to endorse that certain insurance proceeds check resultant from the fire loss pertaining to the appurtenant dwelling previously destroyed by fire. . . . If Mr. Copley fails to do so, the Court finds that he shall present himself at 9:00 a.m. on the 28th day of February, 1997, to the Sheriff of Wayne County for incarceration until such time as he purges himself.

Not wanting to go to jail, the Debtor complied with the Circuit Court's order and endorsed the insurance company's settlement check against the advice of his counsel.

On May 8, 1997, the Debtor and Ms. Copley's divorce proceeding came before the Circuit Court again. In an order adopting the recommendations of the family law master, the Circuit Court granted the parties a divorce, and awarded Ms. Copley the following benefits:

> 16. That plaintiff shall be entitled to his COBRA benefits . . . at no cost to the plaintiff . . . .
>
> . . . .
>
> 18. That the defendant shall pay the plaintiff the sum of $131.95 per month as child support, commencing as of this date, and payment in advance until further order of the Court.
> 19. That the issue of equitable distribution is held in abeyance pending the action of the United States Bankruptcy Court for the Southern District of West Virginia wherein the defendant's proceeding is now pending.

The Debtor was unable to confirm a Chapter 13 plan, and on March 3, 1998, his case converted to one under Chapter 7. On March 13, 1998, the Debtor filed a document entitled "Three Count Motion by Debtor for Sanctions and / or Relief for Violations of Automatic . . . Stay." (Document No. 159 in Case No. 97-30131). In that Motion, the Debtor included a summary of his allegations against Ms. Copley and her divorce attorney, Herbert H. Henderson:

> COUNT ONE: Herbert H. Henderson and his client violated the Automatic Stay by initiating domestic relations proceedings pertaining to finances, despite notification of the Chapter 13 bankruptcy petition.
> COUNT TWO: Herbert H. Henderson and his client violated the Automatic Stay by interfering with ongoing and incomplete fire loss proceeds negotiation by obtaining contempt orders against the debtor to sign an unacceptable and arbitrarily low offer under pain of incarceration.

(Document No. 159 in Case No. 97-30131).

That motion was denied by the bankruptcy court on March 25, 1998, on the basis that the

-3-

Debtor failed "to assert grounds upon which relief can be granted." (Document No. 169 in Case No. 97-30131).

On September 5, 2000, in an unrelated appeal filed by the Debtor, the United States Court of Appeals for the Fourth Circuit ordered that all actions in the Debtor's bankruptcy case be stayed.[2] Consequently, the trial of the Debtor's adversary proceeding against Ms. Copley was continued generally until Ms. Copley revived the matter by filing a request for a status conference on January 22, 2007.[3]

## II. DISCUSSION

The Debtor alleges that Ms. Copley violated the automatic stay of the Bankruptcy Code when she, through her attorney, obtained the order following the May 8, 1997 hearing that awarded her child support and COBRA benefits, and when she obtained the order following the February 27, 1997 hearing that required the Debtor to endorse the insurance company's settlement check.

### A. Award of Child Support and COBRA Benefits

The Debtor's contention that Ms. Copley violated the automatic stay of the Bankruptcy Code by obtaining an award for child support and of COBRA benefits is without merit.

When a debtor files bankruptcy, an automatic stay comes into effect that prevents, among other things, the continuation of a judicial proceeding against the debtor that was commenced before the filing of the bankruptcy petition. 11 U.S.C. § 362(a)(1). Because Ms. Copley's divorce proceeding was a judicial proceeding against the Debtor, § 362(a)(1) prevented its continuation upon the filing of the Debtor's bankruptcy petition.

An exception to the automatic stay of § 362(a), however, exists regarding domestic matters.

---

[2] In the case of *Copley v. State Auto Insurance*, No. 00-1966, the Court of Appeals for the Fourth Circuit ordered that "neither the district court nor the bankruptcy court will dispose of any of the property of the bankrupt...." The Fourth Circuit entered a judgment in the appeal on June 18, 2001, denied the Debtor's motion for rehearing on July 30, 2001, and denied the Debtor's motion to recall the mandate on August 13, 2001. The Supreme Court of the United States denied the Debtor's writ of certiorari on February 19, 2002. 534 U.S. 1144 (2002).

[3] This case was assigned to Judge L. Edward Friend from the Bankruptcy Court for the Northern District of West Virginia on June 10, 2005, based on the Debtor's motion to recuse the presiding judge. Effective March 13, 2006, Judge Patrick M. Flatley replaced Judge Friend and took over further proceedings in this case.

As in effect at the time the Debtor's bankruptcy case was filed, the exception allowed judicial proceedings for support obligations to continue despite the imposition of the automatic stay:

The filing of a petition [for bankurptcy] ... does not operate as a stay —

. . .

(2) under subsection (a) of this section —
(A) of the commencement or continuation of an action or proceeding for —

. . .

(ii) the establishment ... of an order for ... support ....

11 U.S.C. § 362(b)(2)(A)(ii) (1997).

It is axiomatic that a family court's determination of a debtor's child support obligation falls within the above the exception to the automatic stay. *E.g.*, *In re Harris*, 310 B.R. 395, 398 (Bankr. E.D. Wisc. 2004) ("'Congress expressed a strong desire that a debtor should not use the protection of a bankruptcy filing in order to avoid legitimate marital and child support obligations.'") (citation omitted); 3 *Collier on Bankruptcy* ¶ 362.05[2] (Alan N. Resnick & Henry J. Sommer, eds. 15th ed. rev. 2008) ("Establishment or modification of domestic support obligations is essentially a domestic relations matter that is not appropriately within the scope of the bankruptcy.").

Regarding the award of COBRA benefits, the court notes that Congress passed the Consolidated Omnibus Reconciliation Act ("COBRA") in 1986 to amend the Employee Retirement Income Security Act, the Internal Revenue Code, and the Public Health Service Act, to provide continuation of group health coverage that would otherwise be terminated. Domestic proceedings that award COBRA benefits to a spouse fall within the 11 U.S.C. § 362(b)(2)(A)(ii) exception to the automatic stay. *E.g., Allen v. Allen (In re Allen)*, 275 F.3d 1160, 1163 (9th Cir. 2002) ("[M]edical expenses are typically encompassed within the rubric of spousal support.").

Therefore, because the Circuit Court Order following the May 8, 1997 hearing falls within an exception to the automatic stay, the court will deny the relief sought by the Debtor with respect to that Order.

**B.    February 27, 1997 Order to Endorse Proceeds Check**

With regard to the February 27, 1997 Circuit Court Order that compelled the Debtor to endorse the settlement check from his home insurance company, the court finds that this matter was already adjudicated by the bankruptcy court on March 25, 1998, and is, therefore, not subject to

-5-

being relitigated by the Debtor.

When determining if the adjudication of claims raised in an earlier federal proceeding are barred from being relitigated in a subsequent federal proceeding, the court looks to whether: (1) the judgment in the prior action was final and on the merits; (2) the parties in the two actions are identical or in privity; and (3) the claims in the two actions are identical. *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979) ("Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."); *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 535 (5th Cir. 1978) (stating that *res judicata* "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'").

These criteria are met here. The Debtor alleged in his March 13, 1998 Three Count Motion for Sanctions and / or Relief for Violations of the Automatic Stay that Ms. Copley and her divorce attorney violated the automatic stay by "interfering with ongoing and incomplete fire loss proceeds negotiations, by obtaining contempt orders against the debtor to sign an unacceptable and arbitrarily low offer under pain of incarceration." (Document No. 159 in Case No. 97-30131). Similarly, in this December 14, 1999 adversary proceeding, the Debtor alleges that on February 27, 1997, Ms. Copley interfered "with debtor's pre-petition property interests and rights in insurance policy-contract and obtain[ed] post-petition judgments and orders to compel debtor in violation of [the automatic stay] to sign under duress (threat of imprisonment) [a] 'general release,' which subsequently complicated, impaired, obstructed, and adversely diminished debtor's property interest in the amount of unrecovered damages of insurance policy-contract and related litigation costs." (Document No. 1, ¶ 10 in Case No. 97-158). The acts about which the Debtor is complaining in the March 13, 1998 motion, and in the December 14, 1999 adversary proceeding are identical.

The bankruptcy court dismissed the Debtor's Three Count Motion for Sanctions and / or Relief for Violations of the Automatic Stay on March 25, 2008, on the basis that the Debtor failed to state grounds upon which relief could be granted. A dismissal for failure to state a claim is a dismissal on the merits of a cause of action. Fed. R. Civ. P. 41(b); Fed. R. Bankr. P. 7041, 9014(c); *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge

made, treat a dismissal . . . for failure to state a claim . . . as a judgment on the merits.").

Consequently, the filing of this adversary proceeding is a second attempt by the Debtor to obtain damages based an identical cause of action. If the Debtor disagreed with the court's March 25, 1998 denial of his motion for violation of the automatic stay, the Debtor should have appealed that ruling. This court cannot reopen a matter that has been finally decided.[4]

### III. CONCLUSION

The court will deny the relief sought in the Debtor and will deny his adversary complaint. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

*/s/ Patrick M. Flatley* SEP 15 2008
Patrick M. Flatley,
United States Bankruptcy Judge

---

[4] In her answer to the Debtor's adversary proceeding, Ms. Copley's attorney (now deceased), raised the affirmative defenses of estoppel and law of the case. On September 8, 2000, Ms. Copley's attorney filed a motion to dismiss on grounds of *res judicata*. No action was taken on that motion by the court because the Court of Appeals for the Fourth Circuit ordered that all actions in Mr. Copley's bankruptcy be stayed. Ms. Copley's attorney died before this case came before the court for trial. Given the circumstances of this case, the court believes that the affirmative defense of *res judicata* has been raised. Even if it wasn't, based on the circumstances of this case, the court could appropriately raise the doctrine *sua sponte*. *E.g., Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying *res judicata*: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."); *Carbonell v. Louisiana Dep't of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir. 1985) (observing that a district court may raise claim preclusion *sua sponte* only in cases where the previous action was litigated in the same district or in cases "in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of *res judicata*").